# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ANSON HOLLEY JR.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 10-1787** |
| **TERRY TERRELL, WARDEN** | **SECTION "I"(2)** |

## REPORT AND RECOMMENDATION

This matter was referred to the undersigned United States Magistrate Judge to conduct hearings, including an evidentiary hearing if necessary, and to submit proposed findings and recommendations for disposition pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases. Upon review of the entire record, I have determined that a federal evidentiary hearing is unnecessary. See 28 U.S.C. § 2254(e)(2).[1] For the following reasons, I recommend that the instant petition for habeas corpus relief be **DENIED** and the petition **DISMISSED WITH PREJUDICE**.

---

[1] Under 28 U.S.C. § 2254(e)(2), whether to hold an evidentiary hearing is a statutorily mandated determination. Section 2254(e)(2) authorizes the district court to hold an evidentiary hearing only when the petitioner has shown either that the claim relies on a new, retroactive rule of constitutional law that was previously unavailable, 28 U.S.C. § 2254(e)(2)(A)(i), or the claim relies on a factual basis that could not have been previously discovered by exercise of due diligence, 28 U.S.C. § 2254(e)(2)(A)(ii); and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner. 28 U.S.C. § 2254(e)(2)(B).

I. FEDERAL PROCEDURAL BACKGROUND

On June 21, 2010, the petitioner, Anson Holley Jr., through retained counsel, filed a petition for federal habeas corpus relief in which he raised four grounds for relief:[2] (1) The state court's failure to provide him with an out-of-time appeal, without a factual determination that he personally waived the right to appeal voluntarily and knowingly, violated the Due Process and Equal Protection Clauses of the Fifth and Fourteenth Amendments to the United States Constitution. (2) His sentence was obtained in violation of the federal and state constitutions, because La. Rev. Stat. Ann. § 14:81.2 is vague, contradictory and violates the doctrine of lenity. (3) His sentence constitutes an unconstitutional ex post facto application of law, because the State is denying him good-time diminution of sentence. (4) His conviction and sentence were unconstitutional, because he was prejudiced by his lawyers' ineffectiveness in failing to file a motion to quash the bill of information; call experts; require a determination of the victim's competence to testify; object to the admission of the victim's video interview; file motions for arrest of judgment, judgment of acquittal and reconsideration of sentence; file a notice of appeal; and for purporting to waive his rights to appeal and file post-verdict motions and in participating in the court's endeavor to obtain a confession and waiver of appeal rights in exchange for a lesser sentence.

---

[2]Rec. Doc. No. 1.

In its memorandum in opposition, the State argued that Holley failed to exhaust state court remedies as to all of the claims raised in the petition.[3] Alternatively, the State argued that the sole exhausted claim, denial of an out-of-time appeal, is without merit.

On December 8, 2010, I issued a report and recommendation that Holley's federal habeas corpus petition be dismissed without prejudice for failure to exhaust state court remedies as to his claims of an unconstitutional sentence based on an unlawful sentencing scheme, an ex post facto application of law, and ineffective assistance of counsel.[4] Holley filed a response to that report, stating that he was waiving and dismissing the unexhausted claims.[5] On December 27, 2010, the presiding district judge apparently accepted this response as a voluntary dismissal of the unexhausted claims and referred the matter to me for consideration of the remaining claim challenging the denial of the request for an out-of-time appeal.[6]

---

[3]Rec. Doc. Nos. 9, 10.

[4]Rec. Doc. No. 11.

[5]Rec. Doc. No. 12.

[6]Rec. Doc. No. 13.

II.    STATE COURT FACTUAL AND PROCEDURAL BACKGROUND

Although my prior report contains a detailed recounting of the procedural history of the underlying state criminal proceedings, the relevant facts and history are repeated here for ease of reference.

Holley is a convicted inmate who was incarcerated in the Allen Correctional Center in Kinder, Louisiana, at the time of the filing of this petition.[7] Holley was charged by bill of information in St. Tammany Parish on August 2, 2006, with molestation of a juvenile.[8]

Holley was tried before a jury on October 22 through 24, 2007, and was found guilty as charged.[9] At the sentencing hearing held on December 12, 2007, Holley apologized to the victim and her family, and he admitted to the court that he did in fact commit the crimes for which he was found guilty.[10] In light of Holley's admission, his counsel advised the court as follows:[11]

---

[7]Rec. Doc. No. 1.

[8]St. Rec. Vol. 1 of 2, Bill of Information, 8/2/06.

[9]St. Rec. Vol. 1 of 2, Jury Verdict, 10/24/07; Trial Minutes, 10/22/07; Trial Minutes, 10/23/07; Trial Minutes, 10/24/07; St. Rec. Vol. 2 of 2, Trial Transcript, Vol. II, 10/23/07; Trial Transcript, Vol. III, 10/24/07.

[10]St. Rec. Vol. 1 of 2, Sentencing Transcript, pp. 5-8, 12/12/07.

[11]Id., p. 8.

> Your honor, I would note for the record, too, though we're not quite at that point, that we are waiving - - in light of what Mr. Holley has said on the record, there would be no point whatsoever in having any appeal.

In response to the court's question, counsel extended the waiver to include filing post-trial motions.[12] Upon waiver of legal delays, the court sentenced Holley to 15 years in prison, with three (3) of the years suspended, and upon completion of the remaining 12 years, probation for five years.[13]

Holley's conviction became final 30 days later, on January 11, 2008, because he did not file a notice of appeal or seek reconsideration of his sentence.[14] Cousin v. Lensing, 310 F.3d 843, 845 (5th Cir. 2002) (petitioner's guilty pleas became final at the end of the five-day period for filing a notice of appeal under La. Code Crim. P. art. 914).

Eleven months later, on December 8, 2008, Holley, through counsel, filed an application for post-conviction relief in the state trial court asserting four grounds for

---

[12]Id.

[13]Id., p. 10; St. Rec. Vol. 1 of 2, Sentencing Minutes, 12/12/07; see also, St. Rec. Vol. 1 of 2, Uniform Commitment Document, 12/12/07 (amended by Minute Entry, 9/14/10); Special Conditions of Probation, 12/12/07.

[14]Failure to move timely for appeal under La. Code Crim. P. art. 914 renders the conviction and sentence final at the expiration of the period for filing the motion for appeal. State v. Counterman, 475 So.2d 336, 338 (La. 1985) (addressing Art. 914 before the amendment in 2000 which changed the period from five days to 30 days). Under La. Code Crim. P. art. 914, a criminal defendant is required to move for leave to appeal within 30 days of the order or judgment that was being appealed or of a ruling on a timely motion to reconsider a sentence.

relief:[15] (1) His conviction and sentence were obtained in violation of the federal and state constitutions, because he did not knowingly and voluntarily waive his rights to appeal or to file post-trial motions in arrest of judgment, for judgment of acquittal or for reconsideration of sentence. (2) His conviction and sentence were obtained in violation of the federal and state constitutions, because the sentencing scheme under La. Rev. Stat. Ann. 14:81.2 is vague, contradictory and violates the doctrine of lenity. (3) His sentence constitutes an unconstitutional ex post facto application of law, because the State is denying him good-time diminution of sentence. (4) His conviction and sentence were unconstitutional, because he was prejudiced by his lawyers' ineffectiveness in failing to file a motion to quash the bill of information; call experts; require a determination of the victim's competence to testify; object to the admission of the victim's video interview; file post-trial motions for arrest of judgment, judgment of acquittal and reconsideration of sentence; file a notice of appeal; and for purporting to waive the right to appeal and file post-verdict motions and in participating in the court's endeavor to obtain a confession and waiver of appeal rights in exchange for a lesser sentence. As relief, counsel sought leave to file motions to appeal, for arrest of judgment, for post-verdict judgment of acquittal and to reconsider sentence. He also sought an order holding in

---

[15]St. Rec. Vol. 1 of 2, Petition for Post-Conviction Relief, 12/8/08.

abeyance the post-conviction motions and claims until completion of an out-of-time appeal.

The state trial court dismissed the petition, citing La. Code Crim. P. art. 929, on January 28, 2009.[16] Counsel sought review in the Louisiana First Circuit Court of Appeal, raising only one assignment of error, that the trial court erred in denying an out-of-time appeal where there was no finding that the right to appeal was knowingly and voluntarily waived by defendant.[17] The appellate court denied relief without stated reasons on July 21, 2009.[18]

Counsel also filed a writ application with the Louisiana Supreme Court raising the same single issue.[19] The supreme court denied relief without stated reasons on June 18, 2010.[20]

---

[16]St. Rec. Vol. 1 of 2, Order Dismissing Application for Post-Conviction Relief, 1/28/09. La. Code Crim. P. art. 929 provides in relevant part as follows:
    A. If the court determines that the factual and legal issues can be resolved based upon the application and answer, and supporting documents, including relevant transcripts, depositions, and other reliable documents submitted by either party or available to the court, the court may grant or deny relief without further proceedings.

[17]St. Rec. Vol. 1 of 2, 1st Cir. Writ Application, 2009-KW-0441, 3/9/09. One judge dissented on the basis that the record of the waiver was inconclusive.

[18]St. Rec. Vol. 1 of 2, 1st Cir. Order, 2009-KW-0441, 7/21/09.

[19]Rec. Doc. No. 1-5, Exh. 5, p.1, La. S. Ct. Writ Application, 09-KP-1820, 8/5/09; St. Rec. Vol. 1 of 2, copy of La. S. Ct. Writ Application, dated 8/5/09; La. S.Ct. Letter, 2009-KP-1820, 8/6/09 (indicating hand delivery on 8/5/09).

[20]State v. Holley, 38 So.3d 314 (La. 2010); St. Rec. Vol. 1 of 2, La. S. Ct. Order, 2009-KP-1820, 6/18/10.

7

III.   FEDERAL HABEAS PETITION

In his single remaining undismissed claim in this court, Holley seeks federal habeas corpus relief from the state courts' failure to grant him an out-of-time appeal without a factual determination that he personally waived the right to appeal and that the waiver was voluntary and knowing. He asserts that his rights under the Due Process and Equal Protection Clauses of the Fifth and Fourteenth Amendments to the United States Constitution were thereby violated.

In its opposition to the original petition, the State argued that this claim was without merit.[21] Specifically, the State argued that Holley failed to identify any United States Supreme Court precedent contrary to the holding reached by the state courts. The State also argued that Holley could have sought review of each of his claims on post-conviction application, without limiting his pursuit to the denial of the out-of-time appeal. Finally, the State contends that, while Holley could have appealed his conviction and sentence, he was not required to do so and that ruling on an out-of-time appeal was entirely discretionary.

---

[21]Rec. Doc. Nos. 9, 10.

IV.     STANDARDS OF REVIEW

The AEDPA comprehensively revised federal habeas corpus legislation, including 28 U.S.C. § 2254.  The AEDPA went into effect on April 24, 1996[22] and applies to habeas petitions filed after that date.  Flanagan v. Johnson, 154 F.3d 196, 198 (5th Cir. 1998) (citing Lindh v. Murphy, 521 U.S. 320 (1997)).  The AEDPA therefore applies to Holley's petition was filed by counsel on June 21, 2010.

The threshold questions in habeas review under the amended statute are whether the petition is timely and whether the claims raised by the petitioner were adjudicated on the merits in state court; i.e., the petitioner must have exhausted state court remedies and must not be in "procedural default" on a claim.  Nobles v. Johnson, 127 F.3d 409, 419-20 (5th Cir. 1997) (citing 28 U.S.C. § 2254(b), (c)).  As directed by the presiding district judge on remand, I will address the substance of the one remaining claim.

Amended 28 U.S.C. §§ 2254(d)(1) and (2) contain revised standards of review for questions of fact, questions of law and mixed questions of fact and law in federal habeas corpus proceedings.  Nobles, 127 F.3d at 419-20 (citing 28 U.S.C. § 2254(b) and (c)).

Determinations of questions of fact by the state court are "presumed to be correct . . . and we will give deference to the state court's decision unless it 'was based

---

[22] The AEDPA, which was signed into law on that date, does not specify an effective date for its non-capital habeas corpus amendments.  Absent legislative intent to the contrary, statutes become effective at the moment they are signed into law.  United States v. Sherrod, 964 F.2d 1501, 1505 (5th Cir. 1992).

9

on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.'" Hill v. Johnson, 210 F.3d 481, 485 (5th Cir. 2000) (quoting 28 U.S.C. § 2254(d)(2)), cert. denied, 532 U.S. 1039 (2001).  The amended statute also codifies the "presumption of correctness" that attaches to state court findings of fact and the "clear and convincing evidence" burden placed on a petitioner who attempts to overcome that presumption.  28 U.S.C. § 2254(e)(1).

A state court's determination of questions of law and mixed questions of law and fact are reviewed under 28 U.S.C. § 2254(d)(1) and receive deference, unless the state court's decision "'was contrary to, or involved an unreasonable application of, clearly established [Supreme Court precedent.]'" Penry v. Johnson, 215 F.3d 504, 507 (5th Cir. 2000) (quoting Miller v. Johnson, 200 F.3d 274, 280-81 (5th Cir.), cert. denied, 531 U.S. 849 (2000)), aff'd in part, rev'd in part on other grounds, 532 U.S. 782 (2001); Hill, 210 F.3d at 485.  The United States Supreme Court has clarified the Section 2254(d)(1) standard as follows:

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

Williams v. Taylor, 529 U.S. 362, 405-06, 412-13 (2000); Penry, 532 U.S. at 792-93; Hill, 210 F.3d at 485. "'A federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the state court decision applied [a Supreme Court case] incorrectly.'" Price v. Vincent, 538 U.S. 634, 641 (2003) (quoting Woodford v. Visciotti, 537 U.S. 19, 24-25 (2002)) (brackets in original); Bell v. Cone, 535 U.S. 685, 699 (2002). Rather, under the "unreasonable application" standard, "the only question for a federal habeas court is whether the state court's determination is objectively unreasonable." Neal v. Puckett, 286 F.3d 230, 246 (5th Cir. 2002), cert. denied, sub nom, Neal v. Epps, 537 U.S. 1104 (2003). The burden is on the petitioner to show that the state court applied the precedent to the facts of his case in an objectively unreasonable manner. Price, 538 U.S. at 641 (quoting Woodford, 537 U.S. at 24-25); Wright v. Quarterman, 470 F.3d 581, 585 (5th Cir. 2006).

## V. DENIAL OF REQUEST FOR OUT-OF-TIME APPEAL

Holley alleges that the state courts violated his due process and equal protection rights when they denied him an out-of-time appeal without a factual determination that he personally waived the right to appeal and that the waiver was voluntary and knowing. Holley first asserted this claim, among others, in his application for post-conviction relief to the state trial court. The court summarily denied the application without specifying reasons, pursuant to La. Code Crim. P. art. 929. The Louisiana First Circuit and the

11

Louisiana Supreme Court subsequently denied the similar writ applications presented to those courts, without stated reasons.

In his federal habeas petition, Holley requests that this court grant him an out-of-time appeal with leave to file certain post-conviction motions, to be held in abeyance pending his direct appeal in the state courts. Holley also questions whether his request for an out-of-time appeal could be denied without the state courts first making a factual finding that he waived his right to appeal and that any such waiver was knowing and voluntary.

Holley's ultimate request for relief, that this court grant him an out-of-time appeal and allow his filing of other motions in the state courts, does not present a cognizable federal constitutional claim. Federal habeas corpus relief may be granted only to remedy violations of the federal constitution and the laws of the United States. Questions concerning whether, when and under what circumstances a criminal defendant may pursue an untimely appeal and post-conviction motions are purely matters of state law that will not suffice to support federal habeas relief. Engle v. Isaac, 456 U.S. 107, 119 (1983). In Louisiana, consideration of a request for an out-of-time appeal is made through the state post-conviction process. See State v. Counterman, 475 So.2d 336, 339 (1985) ("... the appropriate procedural vehicle for a defendant to seek the exercise of his right to appeal, after the delay provided in Article 914 has expired, is an application for

12

post conviction relief pursuant to Articles 924-930.7."). Thus, as will be discussed in more detail below, the granting of an out-of-time appeal is a matter of state procedural law, not federal constitutional law. This federal court is not empowered to grant habeas corpus relief pursuant to state law.

In addition, no federal constitutional issue arises from Holley's suggestion that the state courts' post-conviction rulings required additional fact-finding. The United States Supreme Court has held that the States have no constitutional obligation to provide post-conviction relief. Lackawanna County Dist. Atty. v. Coss, 523 U.S. 394, 402-03 (2001). As a result, claims concerning alleged errors in state post-conviction proceedings are not cognizable in federal habeas corpus proceedings. Accord Nichols v. Scott, 69 F.3d 1255, 1275 (5th Cir. 1995); see also Morris v. Cain, 186 F.3d 581, 585 n. 6 (5th Cir. 1999). This court's review is limited to matters of constitutional magnitude and violations of federal law, neither of which are raised by the foregoing particular aspects of Holley's remaining claim.

Holley makes two federal constitutional arguments in support of what remains of the instant habeas petition. First, he argues that his equal protection rights were violated by the denial of his request for an out-of-time appeal without additional fact-finding concerning the voluntary and knowing nature of his appeal waiver. Equal protection concerns are implicated only when the State treats an identifiable suspect class of

13

defendants differently from others for purposes of offering them a meaningful appeal. Evitts v. Lucey, 469 U.S. 387, 405 (1985). Holley's claim in this instance makes no adequate allegation that he was treated differently, as a member of an identifiable suspect class on prohibited equal protection grounds, from other defendants concerning his out-of-time appeal rights. He fails completely to state any claim of violation of his equal protection rights in this regard.

 Second, Holley argues that his due process rights were violated in the manner in which the state courts denied his untimely out-of-time appeal. Due process rights may be created not only by the United States Constitution itself, but also by state law. However, not every state statute creates a due process right protected by the Constitution. On the contrary, a state statute creates constitutionally protected due process interests only if it establishes that state officials must take mandatory, non-discretionary actions in connection with the life, liberty or property of citizens. Olim v. Wakinekona, 461 U.S. 238, 249 (1983); Taylor v. Jagers, 115 Fed. Appx. 682, 2004 WL 2526373, at *1 (5th Cir. 2004) (citing Jackson v. Cain, 864 F.2d 1235, 1250 (5th Cir. 1989)). Thus, state statutes that vest officials with broad discretion to carry out their official functions do not create constitutionally protected due process interests that may form the basis for federal habeas corpus relief. See Olim, 461 U.S. at 249-50 (Hawaii prison regulations vesting prison administrators with broad discretion concerning inmate placement and transfers

create no liberty interest protected under the Due Process Clause); Merit v. Lynn, 848 F. Supp. 1266, 1267-68 (W.D. La. 1994) (Louisiana parole statute is broadly discretionary and creates no constitutionally protected due process interest).

It is clear that Holley has no right of any kind springing from the Constitution itself to the direct appeal, an out-of-time appeal or any other particularized post-conviction proceedings for which he argues in this case. The United States Supreme Court has not recognized that state defendants have a right under the Constitution to an out-of-time direct appeal, especially one that is separate from a claim of ineffective assistance of counsel challenging their underlying criminal convictions. See Bartee v. Quarterman, No. 08-CV-2176, 2009 WL 856906, at *2 (N.D. Tex. Mar. 30, 2009) (order adopting report and recommendation). Holley does not base the instant claim on an allegation of ineffective assistance of counsel. The sole claim remaining before this court is one suggesting that request for an out-of-time appeal is based upon his allegedly unknowing and involuntary waiver of the right to appeal. In fact, Holley's ineffective assistance of counsel claim based in part on the failure to pursue a direct appeal has been voluntarily dismissed as one of the unexhausted claims presented in the original petition. That claim therefore is not currently before this court.

The sole remaining undismissed claim presented here does not warrant federal habeas review. The Supreme Court has not recognized an independent federal

constitutional right of direct appeal of a state conviction. See, e.g., Smith v. Robbins, 528 U.S. 259, 270 n.5 (2000) ("The Constitution does not, however, require States to create appellate review in the first place."); Ross v. Moffitt, 417 U.S. 600, 606 (1974) ("[A] State is not obliged to provide any appeal at all for criminal defendants."). Any right to direct appeal of a conviction in the state courts must be created by state statute or state constitution. Evitts, 469 U.S. at 393.

Once a state creates the right to appeal a criminal conviction, the appeal process must comport with the guarantees of due process and equal protection. Evitts, 469 U.S. at 393, 403. Due process concerns are implicated when the state fails to assure a criminal defendant an adequate opportunity to present his claims and to obtain a final determination on the merits of the appeal. Evitts, 469 U.S. at 402, 405.

Federal courts recognize that the state-created right to appeal is a right that must be affirmatively exercised, or it is waived. Norris v. Wainwright, 588 F.2d 130, 137 (5th Cir. 1979); Childs v. Collins, 995 F.2d 67, 69 (5th Cir. 1993). "A defendant properly informed of his appellate rights may not 'let the matter rest,' and then claim that he did not waive his right to appeal." (citations omitted) Norris, 588 F.2d at 137; Childs, 995 F.2d at 69. Federal courts do not require that waiver of any state right to appeal be knowing and voluntary in the same manner or at the same level as rights created by the United States Constitution itself. Id. ("If appellate review of a criminal conviction were

16

a right given by the [United States] constitution, we would not allow a defendant to be precluded from appellate review unless he knowingly and voluntarily waived such review.") (emphasis added).

"Consequently, waiver of the right to appeal requires only that there be a knowledge of the right to appeal and a failure to make known the desire to exercise that right." Childs, 995 F.2d at 69; see also White v. Johnson, 180 F.3d 648, 654 (5th Cir. 1999) ("a defendant may be held to have waived the right to appeal upon a showing that the defendant was fully informed of his appellate rights and failed to make known his desire to exercise those rights"). In Roe v. Flores-Ortega, 528 U.S. 470 (2000), the Supreme Court implicitly endorsed the Fifth Circuit's position by expressly rejecting a per se rule effectively imposing a duty on counsel in all cases "either (1) to file a notice of appeal, or (2) to discuss the possibility of an appeal with the defendant, ascertain his wishes, and act accordingly." Roe, 528 U.S. at 478.

In addition, Louisiana law is clear that the determination of whether to grant an untimely, out-of-time appeal to a convicted inmate is broadly discretionary with the state courts and must be requested in a procedurally proper way through an application for post-conviction relief. See La. Code Crim. P. arts. 924 et seq.; State v. Counterman, 475 So.2d 336, 340 (La. 1985) (trial court may grant out-of-time appeal on post-conviction motion only "after due consideration of [numerous] factors"); State v. Creel, 450 So.2d

17

651, 653 (La. 1984) (only a <u>timely</u>-filed motion for appeal <u>shall</u> be granted; all others are discretionary); <u>State v. Munson</u>, 782 So.2d 17, 21 (La. App. 5th Cir. 2001) (appellate review of trial court's determination of post-conviction motion seeking out-of-time appeal reviewed under abuse of <u>discretion</u> standard); <u>State v. Wright</u>, 664 So.2d 712 (La. App. 3d Cir. 1995) (state trial court has discretion of either granting or denying motion for appeal). Thus, the State of Louisiana by its broadly discretionary statutes concerning out-of-time appeal of a criminal conviction has <u>not</u> created a constitutionally protected due process interest. Holley has no constitutional right to an out-of-time appeal, with or without additional fact-finding, or other kinds of state post-conviction proceedings, under either the Constitution or state law.

In this case, Holley openly admitted his guilt to the crime for which he had just been found guilty by a jury. On the record, he expressed his remorse and apologized to the victim, her family, the court, his attorney and others involved in the proceedings. When counsel announced that "we" were not going to pursue an appeal or post-conviction motions, in light of Holley's open post-trial admissions, Holley was silent. Holley did not make known that he wished to pursue an appeal. In light of Holley's acquiescence, along with his self-condemning post-conviction statements, it was entirely reasonable and justified for the state trial court to accept the waiver of appeal.

The record is devoid of any indication that Holley disagreed with counsel's pronouncement that there would be no appeal in light of Holley's voluntary statements to the state court confirming the correctness of the verdict reached by the jury. Holley has not demonstrated that the state courts erred constitutionally in relying on his own statements to deny his subsequent request for an out-of-time appeal.

Under these circumstances, Holley has failed to establish that the denial by the state courts of his request for an out-of-time appeal violated the United States Constitution or otherwise rose to a cognizable constitutional claim that might serve as a basis for federal habeas corpus relief. He has not shown that the state courts' decision to deny the out-of-time appeal was contrary to, or an unreasonable application of, Supreme Court precedent. He is not entitled to relief on this claim.

## RECOMMENDATION

For the foregoing reasons, it is **RECOMMENDED** that Anson Holley Jr.'s petition for issuance of a writ of habeas corpus under 28 U.S.C. § 2254 be **DENIED** and **DISMISSED WITH PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and

legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. <u>Douglass v. United Servs. Auto. Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc) (citing 28 U.S.C. § 636(b)(1)).[23]

      New Orleans, Louisiana, this   7th   day of February, 2011.

                                  JOSEPH C. WILKINSON, JR.
                               UNITED STATES MAGISTRATE JUDGE

---

[23]<u>Douglass</u> referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.