UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ANSON HOLLEY JR.                                                                      CIVIL ACTION

VERSUS                                                                                    NO. 10-1787

TERRY TERRELL, WARDEN                                   SECTION "I"(2)

## REPORT AND RECOMMENDATION

Petitioner, Anson Holley, Jr., has filed a "Motion for Relief from Judgment or Order Pursuant to Fed. Civ. Rule 60B and in Support [of] New Equitable Rule in Martinez v. Ryan 132 S.Ct. 1309 (2012)." Record Doc. No. 28. The presiding district judge referred the motion to me. Record Doc. No. 30. In response to my order, Record Doc. No. 31, the State filed a memorandum in opposition to the Rule 60 motion. Record Doc. No. 32.

I.     FACTUAL AND PROCEDURAL BACKGROUND

Holley is a convicted inmate who is currently incarcerated in the Rayburn Correctional Center in Angie, Louisiana.[1] Holley was charged by bill of information in St. Tammany Parish on August 2, 2006, with molestation of a juvenile.[2] He was tried before a jury on October 22 through 24, 2007, and was found guilty as charged.[3] At the

---

[1] Holley was incarcerated in the Allen Correctional Center in Kinder, Louisiana, at the time of the filing of this petition. Record Doc. No. 1.

[2] St. Rec. Vol. 1 of 2, Bill of Information, 8/2/06.

[3] St. Rec. Vol. 1 of 2, Jury Verdict, 10/24/07; Trial Minutes, 10/22/07; Trial Minutes, 10/23/07; Trial Minutes, 10/24/07; St. Rec. Vol. 2 of 2, Trial Transcript, Vol. II, 10/23/07; Trial Transcript,

sentencing hearing held on December 12, 2007, Holley apologized to the victim and her family, and he admitted to the court that he did in fact commit the crimes for which he was found guilty.[4]

Plaintiff's underlying petition for federal habeas corpus relief was filed in this case on June 21, 2010. Record Doc. No. 1. The undersigned magistrate judge entered a Report and Recommendation in December 2010, recommending dismissal of the "mixed" petition for failure to exhaust state court remedies as to some of the claims asserted in the petition. Record Doc. No. 11. When plaintiff voluntarily waived and dismissed his unexhausted claims, Record Doc. No. 12, the presiding district judge remanded the case to me for further consideration as to Holley's single remaining, exhausted claim, that the state courts had erroneously denied his request for an out-of-time appeal. Record Doc. No. 13. Thereafter, in February 2011, I issued a subsequent Report and Recommendation that the sole remaining exhausted claim be denied and dismissed with prejudice, on grounds that the claim lacked merit and did not warrant federal habeas corpus relief. Record Doc. No. 14. The presiding district judge adopted my recommendation, Record Doc. No. 16, and dismissed the petition on the merits with prejudice on February 24, 2011, Record Doc. No. 17.

---

Vol. III, 10/24/07.

[4]St. Rec. Vol. 1 of 2, Sentencing Transcript, pp. 5-8, 12/12/07.

Holley appealed[5] and the United States Court of Appeals for the Fifth Circuit affirmed this court's judgment on February 24, 2012. Record Doc. No. 26.

On March 5, 2013, Holley filed the instant Rule 60 motion in this court. Holly's motion asserts the following four (4) arguments in support of his request that the affirmed judgment in this case be set aside: (1) The court erred because it "should have . . . given Holley an option to stay and abeyance (sic) allowing him . . . an opportunity to exhaust" his claims. Record Doc. No. 28 at p. 3. (2) The court "failed to rule on petitioner's stay and abeyance claim," or "alternatively, pursuant to Martinez . . . allow Holley to show cause and prejudice for the default of his ineffective assistance of counsel claims." Id. at p. 6. (3) His counsel in the federal habeas proceeding was ineffective because he failed to object to the recommendation to dismiss his unexhausted claims. (4) His counsel in both his state and federal habeas proceedings were ineffective for failing to exhaust his ineffective assistance of trial counsel claims. In support of all four of his arguments, Holley cites the decision of the United States Supreme Court in Martinez v. Ryan, 132 S. Ct. 1309 (2012).

Having considered the record, the applicable law and the written submissions of the parties, **IT IS RECOMMENDED** that Holley's motion be **DENIED** for any or all of the following reasons.

---

[5]A certificate of appealability, which was denied by the presiding district judge, Record Doc. Nos. 18 and 21, was subsequently granted by the Fifth Circuit. Record Doc. No. 25.

II.  ANALYSIS

(A)  Jurisdiction

As a threshold matter, this court must determine whether it has jurisdiction to rule on Holley's Rule 60 motion. Adams v. Thaler, 679 F.3d 312, 319 (5th Cir. 2012). This is so because after a prisoner pursues one petition for federal habeas corpus relief, Congress has acted – in the interest of ending repetitive habeas filings by convicted prisoners – to require as a jurisdictional matter that an applicant filing a second or successive habeas petition first must "move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

In 2005, the United States Supreme Court held that district courts have jurisdiction to consider Rule 60(b) motions in habeas corpus proceedings, only if the Rule 60 motion "attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings." Gonzalez v. Crosby, 545 U.S. 524, 532 (2005). Thus, for example, challenges to dismissal of prior habeas petitions on grounds of procedural default, time bar or failure to exhaust are not challenges to dismissal on the merits, should not be construed as improper successive habeas petitions, and are properly before the district court. Where the Rule 60(b) motion challenges the district court's denial of habeas relief on the merits, however, it must be considered a second or successive petition. Id. The Supreme Court held in Gonzalez that the term "on

4

the merits" refers, in habeas corpus cases, "to a determination that there exist or do not exist grounds entitling a petitioner to habeas corpus relief under 28 U.S.C. §§ 2254(a) and (d)." Id., 545 U.S. at 532 n.4. Thus, when a Rule 60(b) motion asserts one of those grounds or argues that a previous ruling regarding one of those grounds was in error, the motion in fact makes a successive habeas corpus claim. On the other hand, if the motion "merely asserts that a previous ruling which precluded a merits determination was in error -- for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar," it is not on the merits and can properly be considered under Rule 60(b). Id. (emphasis added).

Under Gonzalez, it appears that this court has authority to consider Holley's Rule 60(b) motion. The sole claim remaining in Holley's underlying petition, after he himself, through his counsel – not the court – waived and voluntarily dismissed his unexhausted claims, was that the state courts had erroneously denied his request for an out-of-time appeal. That claim was the only claim substantively determined by this court, and it was dismissed both in this court and in the court of appeals on the merits. However, Holley's current motion does not mention, much less challenge, the dismissal of that claim on the merits. Instead, it appears that all four of the arguments in Holley's "motion 'attack[], not the substance of [this] court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings,'" Adams, 679 F.3d at 319 (quoting Gonzalez, 545 U.S. at 532), specifically, in the failure to order a "stay and abeyance" of

5

his underlying petition until he had exhausted his other claims, including some relating to the alleged ineffective assistance of his counsel.

Thus, it appears that this court may address Holley's post-appeal Rule 60(b) motion without first characterizing it as a successive habeas petition requiring an order from the court of appeals permitting it to do so.

(B)   Rule 60

Fed. R. Civ. P. 60(b) provides:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

A Rule 60(b) motion "must be made within a reasonable time – and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1). The Rule 60 one-year time limit applicable to the first three clauses of the rule "runs from the date the judgment was entered <u>in the district court</u>. The motion can be made even though an appeal has been taken and is

pending. . . . The pendency of an appeal does not extend the one-year limit, although if the appeal should result in a substantive change in the judgment the time would run from the entry of the new judgment entered on mandate of the appellate court." 11 C. Wright, A. Miller, M. Kane, Federal Practice and Procedure § 2866 at pp. 548-50 (West 2012) (hereinafter "Wright & Miller") (emphasis added).

As to the time limit for reasons (4), (5) and (6), "[a] reasonable time for filing such a motion is defined by the particular facts and circumstances of each case." Associated Marine Equipment, LLC v. Jones, 407 Fed. Appx. 815, 816, 2011 WL 72191, *1 (5th Cir. 2011). Determination of what constitutes a reasonable time is directed to the broad discretion of the district court. Buck v. Thaler, 452 Fed. Appx. 423, 429, 2011 WL 4067164, *5 (5th Cir. 2011). "The courts consider whether the party opposing the motion has been prejudiced by the delay in seeking relief and whether the moving party had some good reason for the failure to take appropriate action sooner. . . . [T]he fact that an appeal had been pending may be considered in determining whether a motion was made in a reasonable time." Wright and Miller, § 2866 at pp. 536-37, 550. "Motions under Rule 60(b) must be made within a reasonable time, unless good cause can be shown for the delay." In re Osborne, 379 F.3d 277, 283 (5th Cir. 2004).

Although Holley's Rule 60(b) motion was actually filed by the clerk of this court on March 5, 2013, the Fifth Circuit has recognized as a general matter that a "mailbox rule" applies to pleadings, including habeas corpus petitions, submitted to federal courts

by prisoners acting pro se. Under this rule, the date when prison officials receive the pleading from the inmate for delivery to the court is considered the time of filing for time limit purposes. Coleman v. Johnson, 184 F.3d 398, 401 (5th Cir. 1999), cert. denied, 529 U.S. 1057 (2000); Spotville v. Cain, 149 F.3d 374, 378 (5th Cir. 1998); Cooper v. Brookshire, 70 F.3d 377, 379 (5th Cir. 1995). In this case, Holley dated his certificate of service attached to his Rule 60 motion, Record Doc. No. 28 at p. 16, and has submitted other evidence, Record Doc. No. 33, Exhibit A, sufficient to establish February 21, 2013, as the date of filing for purposes of application of the mailbox rule.

The United States Supreme Court has stated that "Rule 60(b) has an unquestionably valid role to play in habeas cases." Gonzalez, 545 U.S. at 534. The Gonzalez decision makes clear, however, that the same "limitations" contained in Rule 60(b) concerning its use and application that apply to all civil cases also apply in habeas corpus cases. Id. at 535. Disposition of a Rule 60(b) motion is committed to the sound discretion of the trial court. Garcia v. Woman's Hospital of Tex., 97 F.3d 810, 814 (5th Cir. 1996). The rule has its main application in cases in which the true merits of a case might never be considered because of technical error, fraud or concealment by the opposing party, or the court's inability to consider fresh evidence. Swift Chemical Co. v. Usamex Fertilizers, 490 F. Supp. 1343, 1349-1350 (E.D. La. 1980) (quoting Fackelman v. Bell, 564 F.2d 734, 735-36 (5th Cir. 1977)). Weighing against the granting of a Rule 60(b) motion is the need to uphold the finality of judgments, especially when

the claims urged are not meritorious, and to avoid injustice to the movant and the opposing party. Edward H. Bohlin Co. v. The Banning Co., 6 F.3d 350, 356 (5th Cir. 1993); Blois v. Friday, 612 F.2d 938 (5th Cir. 1980); Swift Chemical Co., 490 F. Supp. at 1350.

In Edward H. Bohlin Co., the Fifth Circuit recognized several factors to be considered when addressing a Rule 60(b) motion: (1) final judgments should not lightly be disturbed; (2) the rule is not to be used as a substitute for appeal; (3) the rule should be liberally construed in order to do substantial justice; (4) the timeliness of the motion; (5) whether the interest in deciding the case on the merits outweighs the interest in finality of the judgment and there is merit in the movant's claims; (6) whether there are any intervening equities that would make it inequitable to grant relief; and (7) any other factor relevant to the justice of the judgment under attack. To that end, Rule 60(b) "must be equitably and liberally applied to achieve substantial justice." Blois, 612 F.2d at 938; Laguna Royalty Co. v. Marsh, 350 F.2d 817, 823 (5th Cir. 1965).

Holley's motion does not characterize his arguments as being advanced under any particular clause of Rule 60(b). Applying the foregoing timeliness standards, to whatever extent, if any, that he bases his motion on any of the grounds enumerated in Rules 60(b)(1), (2) or (3), – mistake, inadvertence, surprise, excusable neglect, newly discovered evidence, fraud, misrepresentation or misconduct by an opposing party – it is not timely, and Holley's motion should be denied as untimely insofar as it may assert

9

any of those grounds for relief. As noted above, the date from which the one-year filing period begins to run as to these grounds is the date of entry of the judgment <u>in</u> <u>this</u> <u>court</u>, February 25, 2011. Record Doc. No. 17. The later date of the Fifth Circuit's judgment and mandate is <u>not</u> the commencement date, because the Fifth Circuit affirmed and made no substantive change to this court's judgment. Accordingly, Holley's motion – filed under the mailbox rule almost two years <u>after</u> entry of this court's judgment – is untimely insofar as it may assert Rule 60(b)(1), (2) or (3) grounds for relief.

Similarly, insofar as Holley may base his motion on any of the grounds provided in Rule 60(b)(4), (5) or (6), he did not assert it within a reasonable time. In his motion, Holley seeks to "vacate judgment to consider petitioner's claims for relief and any other equitable relief deemed appropriate in support of new equitable rule in <u>Martinez v. Ryan</u>, 132 S.Ct. 1309 (March 20, 2012)." Record Doc. No. 28 at p.1. It appears that Holley argues that the date of the <u>Martinez</u> decision, March 20, 2012, should be the commencement date for the running of his "reasonable time" period. Even assuming that <u>Martinez</u> has some sort of applicability to this case – which it does not, for the reasons set out below – Holley still waited eleven months after that decision, and again almost two years after this court entered its subsequently affirmed judgment, to submit this Rule 60 motion. Holley offers no persuasive reason, much less good cause, for this delay, and I cannot conclude that he acted within a reasonable time under the circumstances of this case.

Even assuming, however, without deciding, that Holley has asserted his motion within a reasonable time as to Clauses (4), (5) and (6) of Rule 60, none of the arguments he has asserted has any merit or offers any basis for relief.

Under Rule 60(b)(4), a judgment is void only if the court that rendered the judgment lacked personal or subject matter jurisdiction or acted in a manner inconsistent with due process of law.  Wright & Miller, § 2862 at pp. 434-41n. 9-11.  There is no indication in this record of any circumstance that might render the subject judgment void in any of these ways for Rule 60(b)(4) purposes, and the motion should be denied to whatever extent, if any, that it seeks relief on Rule 60(b)(4) grounds.

Under Rule 60(b)(5), relief may be obtained if the judgment being attacked is based on an earlier judgment that has been reversed or vacated.  "This ground is limited to cases in which the present judgment is based on the prior judgment in the sense of claim or issue preclusion.  It does not apply merely because a case relied on as precedent by the court in rendering the present judgment has since been reversed."  Id. at § 2863, pp. 334-35 n.9 and cases cited therein (emphasis added). There is no indication in this record of any circumstance that might suggest reliance of the subject judgment on some earlier claim preclusive, or even reversed or vacated decision, for Rule 60(b)(5) purposes. Thus, the motion should also be denied to whatever extent, if any, that it seeks relief on Rule 60(b)(5) grounds.

The only remaining component of Rule 60(b) upon which Holley might base his motion is Rule 60(b)(6), "any other reason that justifies relief." As to this catchall Rule 60 provision, the United States Supreme Court has imposed a further limitation beyond those set out in the Rule. "[O]ur cases have required a movant seeking relief under Rule 60(b)(6) to show '<u>extraordinary circumstances</u>' justifying the reopening of a final judgment . . . ('This very strict interpretation of Rule 60(b) is essential if finality of judgments is to be preserved.')  <u>Such circumstances will rarely occur in the habeas context</u>."  <u>Gonzalez</u>, 545 U.S. at 535  (emphasis added). No such extraordinary circumstances are established by any of Holley's four arguments in support of his motion.

The core basis for Holley's motion in this regard appears to be that the law as subsequently resolved by the Supreme Court in <u>Martinez</u> somehow would have resulted in a different decision. This argument is similar to the argument made by the petitioner in <u>Gonzalez</u>, but rejected by the United States Supreme Court and that must be similarly rejected here for two reasons. First, the Fifth Circuit has already expressly held that <u>Martinez</u> was a mere change in decisional law that does not constitute exceptional circumstances and is not grounds for Rule 60(b) relief from a final judgment in circumstances similar to those advanced by Holley in this motion. <u>Adams</u>, 679 F.3d at 319-20.

Second, the holding in Martinez offers nothing that supports any of the four arguments advanced by Holley in support of his motion or that undermines either his voluntary dismissal of his underlying habeas claims or the court's determination of his out-of-time appeal claim. In Martinez, the Supreme Court merely carved out a narrow exception to the procedural default doctrine to permit federal habeas courts to review claims of ineffective trial counsel in certain limited circumstances. The Supreme Court was careful in Martinez, however, which addressed Arizona state law, to note that its ruling was limited to situations where state law bars a criminal defendant from raising an ineffective assistance of trial counsel claim on direct appeal. Louisiana – where Holley was convicted – has no such state law. In fact, the opposite is true: Louisiana law expressly permits ineffective assistance of trial counsel claims to be raised on direct appeal. See, e.g., State v. Dudley, __ So.3d __, 2012 WL 5383089, at *3-4 (La. App. 1st Cir. Nov. 2, 2012) (addressing on direct appeal merits of claim of ineffective assistance of counsel for failure to challenge validity of prior conviction at habitual offender adjudication); State v. Staden, __ So.3d __, 2012 WL 1564592, at *11 (La. App. 1st Cir. May 3, 2012); State v. Jones, 35 So.3d 1162, 1166-68 (La. App. 5th Cir. 2010); State v. Jackson, 4 So.3d 131, 133-34 (La. App. 4th Cir. 2009); State v. Smith, 734 So.2d 826, 834-835 (La. App. 4th Cir. 1997) (addressing ineffective assistance of counsel on direct appeal).

Thus, the change in the law announced in Martinez is not a basis for granting relief to Holley under Rule 60(b)(6) in this case, and none of the four arguments he makes in support of his Rule 60 motion, all citing Martinez, establish extraordinary circumstances warranting relief.

His first and second arguments relate to the court's alleged failure to offer him the "option" of stay and abeyance of his case or to rule on his request for stay and abeyance. The only place in this record where Holley ever mentioned any desire for stay and abeyance of his case was in the prayer for relief in his original petition, where he stated: "petitioner prays that the Court grant him an out-of-time appeal with leave to file the post-verdict motions to perfect the out-of-time appeal and further to hold the remaining claims in abeyance until such time as the out-of-time appeal is concluded." Record Doc. No. 1 at p. 8. Holley never filed a motion to stay these proceedings. Even if he had, it would have been error for this court to enter such a stay.

In Pliler v. Ford, 542 U.S. 225, 227 (2004), the Supreme Court addressed the availability of a stay-and-abeyance in connection with "mixed petitions" containing both exhausted and unexhausted claims. Id. The Pliler court ultimately reiterated the long-standing directive that a mixed petition – like the one Holley originally filed in this court – be dismissed without prejudice to require exhaustion. Id. at 233. The Supreme Court recognized that a petitioner has two choices when faced with dismissal of a mixed petition: (1) return to the state courts to exhaust his claims in full; or (2) amend or

resubmit his petition to raise only exhausted claims in the federal district court. Id. The Supreme Court later held that stay-and-abeyance was an extraordinary remedy not to be made readily available to a habeas petitioner. Rhines v. Weber, 544 U.S. 269, 278 (2005). The Rhines Court cautioned that a stay-and-abeyance "should be available only in limited circumstances," and is appropriate only when the district court determines that there was "good cause" for the failure to exhaust. Id. at 277 (emphasis added). In sum, a stay is not to be used in lieu of a petitioner's diligent exhaustion of state court remedies. A stay to allow for completion of exhaustion must be limited to instances in which good cause is shown for the failure to fully exhaust. Rhines, 544 U.S. at 278.

In this case, after issuance of the initial recommendation that his mixed petition be dismissed for failure to exhaust state court remedies, Record Doc. No. 11, a recommendation that was never accepted by the court, Record Doc. No. 13, Holley opted not to move the court for a stay but to waive and dismiss his unexhausted claims "in an effort to move the out-of-time appeal issue forward." Record Doc. No. 12. Holley made no effort to show any good cause for his failure to exhaust before filing in this court. After he waived and dismissed his unexhausted claims, the remaining claim was clearly meritless. There was no sound basis to issue a stay in this case, when the only remaining claim so clearly provided no basis for federal habeas corpus relief on its merits.

Holley's fourth argument – that both his state and federal habeas counsel were ineffective in failing to exhaust his ineffective assistance of counsel claims – finds no

15

support in <u>Martinez</u> and has nothing to do with what was actually decided as part of the underlying judgment he seeks to set aside. As discussed above, Holley waived and dismissed his <u>un</u>exhausted ineffective assistance of trial counsel claims in the underlying proceedings "in an effort to move the out-of-time appeal issue forward." Record Doc. No. 12 at p. 1.  There was nothing prohibiting him from returning to the state courts, exhausting those claims, and then seeking leave of the federal court of appeals to file a second, successive petition reasserting them here.  His third argument – that his counsel in the <u>federal</u> habeas proceeding was constitutionally ineffective  – is wholly meritless and provides no ground for relief. The right to effective counsel springs directly and depends upon for its existence the right to counsel itself. The Supreme Court has clearly held that there is <u>no</u> right to counsel in habeas proceedings.  <u>Wright v. West</u>, 505 U.S. 277, 293, 112 S. Ct. 2482, 2490 (1992).  Thus, no error by federal habeas counsel could constitute an actionable constitutionally ineffective assistance of counsel claim.

      Under these circumstances, the instant motion presents no basis upon which Rule 60(b) relief from this court's judgment, which has already been affirmed by the Fifth Circuit, would be warranted. Holley's claims are both untimely and meritless under the applicable Rule 60 standards.

## **RECOMMENDATION**

For all of the foregoing reasons, **IT IS RECOMMENDED** that plaintiff's Motion for Relief from Judgment and Order pursuant to Fed. R. Civ. P. 60(b), Record Doc. No. 28, be **DENIED**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc) (citing 28 U.S.C. § 636(b)(1)).[6]

New Orleans, Louisiana, this \_\_\_6th\_\_\_ day of May, 2013.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

---

[6]Douglass referred to the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.